*1196 OPINION.
SteRnhagen :
The decision whether these two transfers were made in contemplation of death is governed by two different fundamental considerations. The transfer of 1,749 shares was made more than two years before death, and that of 903 shares was made within two years. As to the latter, there is the statutory presumption of section 402 (c), Revenue Act of 1921, that the transfer is deemed to have been made in contemplation of death; and as to the former, there is no such statutory provision and hence no presumption. As to the latter, the evidence for the petitioner must overcome the presumption, and as to the former his burden is only that ordinarily upon the proponent.
As to the transfer of 1920, we see no evidence that it was made in contemplation of death, and the respondent has introduced no basis for his determination that it was. So far as the record discloses, this was entirely arbitrary. Whether the decedent made the transfer in 1913, as is contended (that of 1920 being said to be merely formal), or in substance in 1920, there is no evidence that at either time there was such apprehension of death as to give the transfer a testamentary character. We reverse the Commissioner and hold that it should be excluded from the gross estate.
As to the later transfer, the evidence is in our opinion not sufficient to overcome the statutory presumption against petitioner. He sets up circumstances which he contends establish that the transfer gave to the transferees only what they were entitled to, and invokes thb statutory provision as to a bona fide sale for a fair consideration. But the renunciation by them of their legacies was complete and the decedent so stated in his report to the probate court. So far as appears, decedent was under no legal constraint as to these shares, and his transfer was entirely voluntary. We so hold. Thus the statutory presumption is that the transfer was in contemplation of death. From the evidence, it can not be said that it was not so made. In fact, it may or may not have been so made. Cf. C. D. Lehman, Executor, 6 B. T. A. 791. We sustain the respondent as to the second transfer.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Akundell.